RECEIVED

APR 1 4 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No.

|  |  |  |
|---|---|---|
| IN RE GRAND JURY SUBPOENAS NOS. 2022R00519-A, 2022R00519-B, 2022R00519-C, 2022R00519-D, 2022R00519-E, 2022R00519-F | ) ) ) ) ) ) ) ) ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO UNSEAL GRAND JURY MATERIALS |

## INTRODUCTION

On April 1, 2026, the Court heard argument on motions related to the above-referenced grand jury subpoenas. The Court asked the government for its position on the motion to unseal the filings, subpoenas, and hearings in this matter. The government opposes that request. Unsealing the grand jury subpoena materials requires a substantial demonstration of a sufficient need to violate the fundamental importance of grand jury secrecy. Because the movants cannot demonstrate a particularized need sufficient to outweigh the well-established need for secrecy in grand jury proceedings, the government respectfully requests that the motion be denied and the records, filings, and related proceedings remain sealed.

SCANNED
APR 1 4 2026
U.S. DISTRICT COURT MPLS

1

## LEGAL STANDARD

Grand jury secrecy is codified in Federal Rule of Criminal Procedure 6(e), but its roots run far deeper. In *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979), the Supreme Court articulated the enduring purposes of grand jury secrecy. Courts have long acknowledged that the effectiveness of the grand jury depends on keeping its proceedings confidential. *Id.* Protecting that secrecy serves several important purposes: if pre-indictment proceedings were made public, potential witnesses might hesitate to come forward voluntarily, knowing that those they testify against would learn of their involvement; even those who do testify might be less candid, fearing retaliation or hoping for inducements; and there is also a risk that individuals facing indictment could flee or attempt to influence grand jurors. *Id.* Maintaining secrecy also exists to

The Supreme Court made clear in *Douglas Oil* that disclosure is the exception, not the rule. "Parties seeking grand jury transcripts... must show that the material they seek is needed to avoid a possible injustice... and that their <u>need for disclosure</u> is greater than the need for continued secrecy." *Id.* at 222. Similarly, in *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) the Court warned "This 'indispensable secrecy of grand jury proceedings' must not be broken except where there is a compelling

2

necessity." And in *United States v. Sells Engineering, Inc.*, the Court reaffirmed "Grand jury secrecy... is as important for the protection of the innocent as for the pursuit of the guilty." 463 U.S. 418, 424 (1983).

The Eighth Circuit has consistently reinforced the limited role courts play in intruding upon grand jury matters. A party moving for disclosure under F. R. Crim. P. 6(e) must make "a showing of particularized need for grand jury materials before disclosure becomes appropriate. To demonstrate a particularized need, a party must show that the request for disclosure is "(1) required to avoid possible injustice in a different judicial proceeding, (2) greater than the need for continued secrecy, and (3) specifically directed at the material required." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009). The Eighth Circuit reiterated that Rule 6(e) embodies a strong presumption of secrecy, and disclosure is permitted only in exceptional circumstances consistent with Supreme Court precedent. These authorities confirm that courts must proceed with extreme caution before authorizing disclosure that could disrupt the grand jury's work. The effective operation of the grand jury system has long been understood to depend on the confidentiality of its proceedings, a principle codified in F. R. Crim. P. 6(e), which establishes a general rule of secrecy for matters occurring before the grand jury.

3

# ARGUMENT

## 1. Disclosure would compromise an ongoing investigation.

Unsealing the subpoena materials would compromise any potential investigation here. As the Supreme Court recognized in *Douglas Oil*, secrecy protects against premature disclosure of the government's investigative direction. Revealing subpoena targets, timing, and scope would disclose the focus and trajectory of the investigation, alert potential subjects and witnesses, risk destruction or alteration of evidence. This is precisely the harm Rule 6(e) is designed to prevent.

Grand jury secrecy serves as a shield for those who come forward. As the Court explained in *Douglas Oil* ,"Many prospective witnesses would be hesitant to come forward voluntarily... [and] witnesses... would be less likely to testify fully and frankly." 441 U.S. at 219. If subpoena materials are unsealed, the signal sent to current and future witnesses is unmistakable: confidentiality is conditional. That chilling effect extends to confidential informants, government sources, whistleblowers exposing wrongdoing. Once that trust is eroded, it cannot easily be restored.

The Supreme Court has repeatedly warned that disclosure today affects investigations tomorrow. In *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399-400 (1959), the Court cautioned that courts must consider the broader institutional impact of disclosure on the functioning of future grand

4

juries. If secrecy is compromised here, future witnesses may hesitate, future investigations may falter, and the grand jury's constitutional role will be diminished.

In this case, the government has repeatedly noted that the targets of the investigation remain unidentified. Publicizing this proceeding—and the government's discussion of the investigation during the April 1 hearing— would notify any potential unidentified targets of the course, purpose, and scope of the government's investigation. This would jeopardize the integrity of any future investigation and grand jury proceedings. It is paramount that this investigation remain secret for that reason.

### 2. Movants' arguments do not provide a valid basis for violating grand jury secrecy.

Movants must establish that publicizing these materials is necessary to prevent an "injustice." *Douglas Oil* at 222. Movants must provide a "compelling necessity" before the Court should violate the "indispensable. The movants may invoke public interest, but the Supreme Court has already defined where that interest lies in effective law enforcement and the proper functioning of the grand jury. Secrecy protects the integrity of investigations, the safety and candor of witnesses, the reputations of uncharged individuals, public curiosity does not outweigh these structural interests. Any argument that the First Amendment requires disclosure is misplaced. While there is a

qualified First Amendment right of public access to certain criminal proceedings, this does not apply to grand jury investigations. *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 8-10 (1986). In *Press-Enterprise*, the Supreme Court clearly delineated between the sorts of proceedings that attend criminal charges and those related to grand jury investigations. *Id.* While public access to pretrial hearings, trials, and sentencing hearings "plays a significant positive role in the functioning of the particular process in question," this is not the case for grand jury proceedings. *Id.* at 8-9 ("[I]t takes little imagination to recognize that there are some kinds of government operations that would be totally frustrated if conducted openly. A classic example is that 'the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.') The Eighth and Third Circuits have likewise refused to disseminate filings in grand jury matters, even when the case involved "unique circumstances...and the fact that the nature of the investigation had already (at least in part) been made public." *In re Grand Jury Subpoenas dated Feb. 28, 2002, March 26, 2003, Oct. 4, 2004*, 472 F.3d 990, 995-96 (8th Cir. 2007).

Here, there is no sufficient basis to override the fundamental importance of grand jury secrecy. Movants seek to unseal the filings and proceedings for the sake of public spectacle, not for a valid legal purpose. They identify no legal basis outside of misplaced reference to the First

Amendment; this will not do. Because grand jury secrecy is so vital to the integrity of ongoing investigations—not merely the investigation in question—movants must provide a compelling basis to disregard it. They have failed to do so and the government respectfully requests that this motion be denied.

## CONCLUSION

To overcome grand jury secrecy, the movant must establish a particularized need for the material, that the need outweighs secrecy, and that the request is narrowly tailored. The movants cannot meet this burden. Generalized claims, speculation, or public curiosity fall far short of the "compelling necessity" required by *Procter & Gamble.*

Grand jury secrecy is not a procedural technicality—it is a cornerstone of the criminal justice system. Unsealing the subpoena materials would compromise an ongoing investigation, chill witnesses and whistleblowers, undermine the integrity of future grand juries, disserve the public interest. Because the movants cannot demonstrate a particularized need that outweighs these profound interests.

DATED: April 14, 2026

Respectfully submitted,

DANIEL ROSEN
United States Attorney

FLAVIO DE ABREU
Special Assistant United States Attorney

7

JOSEPH TEIRAB
First Assistant United States
Attorney