**RECEIVED**

APR 1 4 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No.

IN RE GRAND JURY SUBPOENAS
NOS. 2022R00519-A
2022R00519B, 2022R00519-C,
2022R00519-D, 2022R00519-E
2022R00519-F

**DECLARATION OF
FLAVIO DE ABREU**

I, Flavio de Abreu, declare as follows:

1.      I am a Special Assistant United States Attorney, and I represent the government in the above-captioned case. I submit this declaration in connection with movant's motion to quash the above-referenced subpoenas, and in response to the Court's particular questions at the April 1, 2026, hearings on this motion. Unless otherwise indicated, this declaration is based on my personal knowledge and review of information from investigators.

2.      The potential charges being investigated are violations of 8 U.S.C. § 1324, 18 U.S.C. § 1505, 18 U.S.C. § 371, and 18 U.S.C. § 111.

3.      The investigating agency in this matter is the FBI. FBI were instructed to add the name of an investigating agent they wanted to lead the matter to the subpoena prior to service. They failed to do so without explanation. To date, our office has sought an explanation as to why FBI did not include the name of an agent on any of the documents and has received none. FBI was the agency who served the subpoenas.

4.      The number of subpoenas and the agencies to which they were directed were selected due to the nature of the predication for the investigation. For example, law

SCANNED
APR 1 4 2026
U.S. DISTRICT COURT MPLS


enforcement did not know the declarants, recipients, or origins of the Hennepin County training that ostensibly instructed employees to stall and delay, rather than comply with ICE warrants and requests. Without knowing the origins or recipients of these instructions, a wide net was cast to ensure that all responsive material would be obtained.

5. Attached as Exhibits 1, 2, and 3 are images taken from open-source media showing the Hennepin County training regarding delaying and hindering ICE agents.

6. The Ramsey County email instructing employees not to comply with ICE warrants was also found on open-source media but has since been removed. The government is unable to provide the original support for this information but can confirm it was reviewed and shared by investigators.

7. In its prior submission, the government referenced a statement by the St. Paul mayor that the office would "fight all subpoenas." In response to the Court's inquiry, the government conducted a diligent review of the materials underlying that reference, including agent communications and related records. The government has not identified any document or communication that contains or substantiates that specific phrasing, and therefore cannot attribute it to a verifiable source. The government therefore withdraws its prior characterization that officials refused to comply with subpoenas and does not rely on that assertion as a basis for the issuance of the grand jury subpoenas.

8. There has been public reporting on the separation ordinance authored by Minneapolis City Council members in December 2025, including at MPR News, e.g. https://www.mprnews.org/story/2025/12/09/separation-ordinance-minneapolis-council-committee

2

9.  Minneapolis City Council Member Robin Wonsley's comments supporting an eviction moratorium to prevent residents being "kidnapped by ICE" are a matter of public record, found here:

https://lims.minneapolismn.gov/RCA/25984

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2026

_s/Flavio Abreu_
Flavio de Abreu